OWEN, WICKERSHAM & ERICKSON, P.C.
LAWRENCE G. TOWNSEND CBN 88184
LINDSEY B. FURTADO CBN 275355
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone:  415.882.3200
Facsimile  415.882.3232
Email:  ltownsend@owe.com
Email: lfurtado@owe.com

Attorneys for Plaintiff
VOLUNTEERS FOR CATHOLIC
ORGANIZATIONS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUNTEERS FOR CATHOLIC ORGANIZATIONS, a non-profit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR COUNCIL OF THE UNITED STATES, SOCIETY OF ST. VINCENT DE PAUL, INC., a Delaware corporation,<br><br>Defendant. | Case No.  C 13-0281 PSG<br>Action Filed January 18, 2013<br><br>**PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANT'S REPLY EVIDENCE; AND NOTICE OF MOTION**<br><br>**Date:  August 20, 2013**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 5, 4th Floor**<br>**        280 First Street, San Jose** |

## I.     Notice of Motion and Introduction

On August 9, 2013, Defendant submitted Defendant's Reply in Support of its Motion to Dismiss or Transfer ("Defendant's Reply"), Defendant's Supplemental Declaration of Donald J. Fitzpatrick in Support of Defendant's Reply ("Supplemental Declaration"), and "Supplementary Exhibits" in support of the Supplemental Declaration.

Defendant's Reply and its attachments present new substantive legal arguments and new evidence not contained in Defendant's Motion.  Plaintiff moves this court to strike in part Defendant's Reply, strike in part Defendant's Supplemental Declaration, and strike in full Defendant's Supplementary Exhibits.  Plaintiff further objects to the new reply evidence on the

1

grounds that it is settlement conduct and correspondence submitted as evidence contrary to Federal Rule of Evidence 408.

## II.      Motion to Strike New Reply Evidence and New Substantive Legal Arguments

### A. Legal Authority to Strike

Consistent with Ninth Circuit case law and the local rules of this Court, new evidence may be stricken when it is submitted for the first time in a reply brief. *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (finding that new information submitted with reply brief was improper and striking the same); Civil L.R. 7-3(d)(1) ("If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence[.]") The rule is the same for new substantive legal arguments. *Stickle v. SCI Western Mkt. Support Ctr., L.P.,* 2009 LEXIS 97735, *12-14, 2009 WL 3241790 (D. Ariz. 2009) "[C]onsistent with long-standing Ninth Circuit case law, this Court will deem as waived any substantive legal arguments made for the first time in a reply brief.")

The moving party must submit the full body of evidence and all substantive legal arguments with its initial motion for notice. *Id.* These rules are grounded in fairness; for the non-moving party is deprived of the opportunity to address new evidence and contentions when they are submitted in reply. *Id.*; *Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1273 (9th Cir. Cal. 1993) ("The Postal Service moved to strike Tovar's reply brief, arguing that the new information was outside the record and that including it in a reply brief deprived the Postal Service of an opportunity to respond. To the extent that the brief presents new information, it is improper. Therefore, the following portions of the brief are ordered stricken[.]"); *Association of W. Pulp & Paper Workers v. Grays Harbor Paper Co.*, 1994 LEXIS 13094, *27-28 (W.D. Wash. 1994) (striking supplemental declaration based on Defendant's argument "that it is improper to file supplemental affidavits or declarations in a reply brief when the opposing party has no opportunity to respond"; citing *Tovar*, 3 F.3d 1273 n.3 (9th Cir. 1993)); *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 792 F. Supp. 1552, 1559 (D. Or. 1991) ("Plaintiff was not afforded an opportunity to respond to this evidence, or to address the issue of its legal responsibility for it. I therefore grant the motion to strike, and do not consider the supplemental affidavit in analyzing

the patent misuse motion.").

## B. New Evidence Submitted

Defendant's Supplemental Declaration Paragraphs 4-10, and Supplementary Exhibits 9-11 submitted in support of those paragraphs, constitute new evidence outside Defendant's created record to which Plaintiff has no opportunity to respond. Defendant had the opportunity to submit that evidence in Defendant's Motion but did not do so. Plaintiff therefore objects to and moves to strike Defendant's Supplemental Declaration Paragraphs 4-10, and Supplementary Exhibits 9-11.

## C. New Substantive Legal Arguments Submitted

Defendant's arguments based upon Defendant's Supplemental Declaration Paragraphs 4-10, and Exhibits 9-11, constitute new legal arguments to which Plaintiff has no opportunity to respond. Defendant had the opportunity to submit those arguments in Defendant's Motion but did not do so. Plaintiff therefore objects to and moves to strike Defendant's Reply page 2, lines 27-28; page 4, lines 27-28; page 5, lines 1-14, 25-28; page 6, lines 6-8, 13-28; and page 7, lines 1-6.

Additionally, Plaintiff objects to Defendant's arguments that are based on correspondence or conduct that occurred at any time after January 18, 2013, the date Plaintiff's Complaint was filed. Settlement conduct and correspondence that occurred after the filing of the Complaint has no bearing on whether Defendant had made specific, concrete indications that a suit was imminent before Plaintiff filed its Complaint. This appears to be an attempt to bootstrap in an argument that Plaintiff's conduct was made in bad faith, which is a separate exception to the first-to-file rule. Defendant did not allege that the suit was filed in bad faith in its original motion. See Plaintiff's Opposition, pgs. 3-4. The introduction of this new, substantive legal argument is improper and Plaintiff has no opportunity to respond. Plaintiff therefore objects to and moves to strike Defendant's Supplemental Declaration Paragraphs 6-10, Supplementary Exhibits 10-11, and all content from Defendant's Reply that is based on Defendant's Supplemental Declaration Paragraphs 6-10 or Supplementary Exhibits 10-11.

Finally, Defendant's substantive legal arguments to transfer are new, and they should have been submitted in Defendant's Motion. This fact is tacitly acknowledged in Defendant's own preface to its Motion to Transfer section. Defendant's Reply, pg. 9, lines 24-25, pg 10, lines 3-4

3

("Society notes that it requested transfer only in the alternative to its Motion to Dismiss . . . Nevertheless, since VCO has chosen to treat the Society's request as a more conventional motion to transfer, the Society has no choice but to address VCO's misguided arguments.")

Plaintiff has no opportunity to respond to these new arguments.  Plaintiff therefore objects to and moves to strike Defendant's Reply page 10, lines 8-28, and pages 11-15, and page 15, lines 1-6.

### III.   Plaintiff's Further Objections to Settlement Conduct Submitted as Evidence

Plaintiff further objects to Defendant's use and submission of settlement conduct and correspondence as evidence. The correspondence is clearly marked as privileged, confidential, and otherwise protected under Federal Rule of Evidence 408.

Even if some dates and statements contained within the settlement conduct and correspondence evidence are potentially admissible as outside the scope of Rule of Evidence 408, the rest of the conduct and correspondence is not. Defendant has made no effort to redact or protect those paragraphs that are not relevant to the issue of whether Defendant made specific, concrete indications that a suit was imminent.  Plaintiff further objects to Defendant's submission and use of the un-redacted settlement correspondence and its attendant chilling effect on full and frank settlement discussions.

Respectfully submitted,

August 16, 2013                                OWEN, WICKERSHAN & ERICKSON, P.C.


By:   /s/ Lawrence G. Townsend
Lawrence G. Townsend
Lindsey B. Furtado
Attorneys For Plaintiff
Volunteers for Catholic Organizations

S:\1Clients\VCO\70001\Ps Obj and MoStrike Reply.doc

4