UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VOLUNTEERS FOR CATHOLIC ORGANIZATIONS,<br><br>                  Plaintiff,<br>     v.<br><br>SUPERIOR COUNCIL OF THE UNITED STATES, SOCIETY OF ST. VINCENT DE PAUL, INC.,<br><br>                  Defendant. | Case No.: C 13-00281 PSG<br><br>**ORDER DENYING MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER THE ACTION TO THE EASTERN DISTRICT OF MISSOURI**<br><br>**(Re: Docket No. 18)** |

On January 18, 2013, Plaintiff Volunteers for Catholic Organizations ("VCO") filed this declaratory judgment action for non-infringement of Defendant Superior Council of the United States, Society of St. Vincent de Paul, Inc.'s ("Society") trademark. Society now moves to dismiss or alternatively transfer the action in deference to the action it filed on July 15, 2013 in the Eastern District of Missouri. VCO opposes. At the motion hearing, the court denied both motions. The court provides a summary of its reasoning below.

Generally, courts adhere to the "first to file" rule, which provides that as a matter of federal comity courts may decline jurisdiction over "a complaint involving the same parties and issues [that] has already been filed in another district."[1] This rule promotes judicial efficiency and

---
[1] *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

1

Case No.: C 13-00281 PSG
ORDER

provides predictability.[2]  The rule is not a rigid or inflexible one, but rather should be applied with "sound judicial administration" in mind.[3]  Certain exceptions to the rule should be made on equitable grounds – for example, if the first suit was filed in bad faith, was an "anticipatory suit," or was an egregious attempt to forum shop.[4]  Anticipatory suits are where the plaintiff prevailed in a "race to the courthouse" after receiving "specific, concrete"[5] notice that the defendant was about to file suit.

No circumstance here warrants departure from the default "first to file" rule.  Although VCO filed suit within weeks of receiving a cease-and-desist letter from Society, that alone does not make the suit anticipatory, or else nearly every declaratory judgment action would be anticipatory.[6]  VCO did not win a "race to the courthouse": Society waited six months to file its own suit in the Eastern District of Missouri.  Society's delay "raises a question as to how serious the company was about" filing suit,[7] and further shows that declaratory judgment might have been necessary to resolve the matter.  While VCO appears to have tried to buy itself some time by requesting extra time to respond to the letter before filing, overall there does not appear to be evidence of forum shopping or bad faith because the dispute has equally strong ties to California as to Missouri.[8]  In the interests of efficiency and predictability, then, the court will apply the "first to file" rule and retain jurisdiction over this case.

---

[2] *See id.* at 95.

[3] *Id.*

[4] *Xoxide, Inc. v. Ford Motor Co.,* 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006)

[5] *Id.*

[6] *Cf. British Telecommunications plc v. McDonnell Douglas Corp.*, Case No. 93-0677 MHP, 1993 WL 149860, at *3 (N.D. Cal. May 3, 1993) (where defendant waited two months before filing its own suit, the first suit which was filed in response to cease-and-desist letter was not anticipatory).

[7] *Id.*

[8] VCO is a California corporation, with director and operator Scott Porter also located in California.  *See* Docket No. 18, Ex. 1 at 1-2.  Society is a corporation headquartered in Missouri.  *See id.* at 1.  Both operate throughout the United States.

Case No.: C 13-00281 PSG
ORDER

For similar reasons, Society's motion to transfer under 28 U.S.C. § 1404(a) also is denied. Society has not shown that the convenience of the parties and witnesses and the interests of justice weigh heavily in favor of transfer.[9] At least as many key witnesses are located in California as Missouri, and in any event, many of the events occurred online or nationally.[10] The court is confident it can set a reasonably quick schedule that will get the parties either to settlement or trial without undue delay. Transfer to the Eastern District of Missouri is therefore unnecessary and would further delay this action.

**IT IS SO ORDERED.**

Dated: August 26, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See Silverlit Toys Manufactory, Ltd. v. Absolute Toy Mktg., Inc.*, Case No. 06-7966 CW, 2007 WL 521239 (N.D. Cal. Feb. 15, 2007) (citing *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)).

[10] Instances of actual confusion allegedly occurred in Michigan and Illinois. *See* Docket No. 18, Ex. 1 at 9-10.

Case No.: C 13-00281 PSG
ORDER

3